# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No: 04 CR 534 |
| | ) | |
| MARTIN VALADEZ | ) | Judge John W. Darrah |
| | ) | |

## MEMORANDUM OPINION AND ORDER

The United States of America ("the Government") brought an indictment charging Defendant, Martin Valadez, with conspiracy to distribute multiple kilograms of cocaine, possession of cocaine, and money laundering. Specifically, the indictment charged Defendant with: (1) conspiracy to knowingly and intentionally distribute and possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2; (2) knowingly and intentionally possessing with intent to distribute 12.4 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (3) laundering $41,500.00, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (a)(2); and (4) knowingly and intentionally possessing with intent to distribute in excess of 50 grams of mixtures containing cocaine base, in violation of 21 U.S.C. § 841(a)(1).

After a jury trial, Defendant was convicted of all counts brought in the indictment. Defendant then filed his Post Trial Motions, seeking: (1) a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29; (2) an arrest of Judgment, pursuant to Federal Rule of Criminal Procedure 34; and (3) a new trial, pursuant to Federal Rule of Criminal Procedure 33.

## ANALYSIS

Defendant seeks a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Motions for judgment of acquittal should only be granted when "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A defendant "faces a nearly insurmountable hurdle [because courts] consider the evidence in the light most favorable to the Government, defer to the credibility determination of the jury, and overturn a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999) (quoting *United States v. Moore*, 115 F.3d 1348, 1363 (7th Cir. 1997). Thus, in viewing the evidence in the light most favorable to the Government, if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a defendant's motion for judgment of acquittal should be denied. *United States v. Benjamin*, 116 F.3d 1204, 1206 (7th Cir. 1997).

Under 21 U.S.C. § 841(a)(1), it is unlawful to knowingly "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Under 21 U.S.C. § 846, the penalties of § 841 are extended to those who conspire or attempt to commit an offense under § 841. *United States v. Patterson*, 348 F.3d 218, 228 (7th Cir. 2003) (*Patterson*). "A conspiracy under 21 U.S.C. § 846 requires that (1) two or more people agreed to commit an unlawful act and (2) the defendant knowingly and intentionally joined in the agreement. No overt act is required." *Patterson*, 348 F.3d at 225 (citation omitted). To demonstrate an agreement existed, the Government may rely on inferences and circumstantial evidence. *Patterson*, 348 F.3d at 225-26 (citations omitted).

To obtain a conviction under 18 U.S.C. § 1956(a)(1)(B)(i), the Government "must prove that the defendant conducted a financial transaction knowing that the property involved in the transaction was illegally derived and knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds." *United States v. Esterman*, 324 F.3d 565, 569 (7th Cir. 2003).

Defendant argues that the Government failed to prove any of the counts at trial. The evidence adduced at trial consisted of: (1) eyewitness testimony of Defendant's drug dealing and drug possession; (2) testimony of federal agents who recovered cocaine behind Defendant's home and $134,000.00 in cash delivered by Defendant; (3) recorded statements wherein Defendant admitted that he was involved with drug transactions and money laundering; (4) financial records demonstrating Defendant spent money beyond his reported income; and (5) the existence of a money counter in Defendant's garage. Viewing the evidence in the light most favorable to the Government, a rational trier of fact could have found the essential elements of the charged crimes beyond a reasonable doubt.

Defendant also argues that he is entitled to an arrest of judgment, pursuant to Federal Rule of Criminal Procedure 34, because Congress may not regulate narcotics under the commerce clause. Federal Rule of Criminal Procedure 34 permits a court to "arrest judgment if the indictment or information does not state an offense" or "the court does not have jurisdiction of the charged offense." However, it is well settled that Congress has the constitutional authority under the commerce clause to regulate narcotics. *E.g.*, *United States v. Westbrook*, 125 F.3d 996, 1009-10 (7th Cir. 1997).

In his reply, Defendant also contends that he is entitled to an arrest of judgment for the reasons stated in his pre-trial Motion to Dismiss. The Motion to Dismiss contended that the United States Sentencing Commission lacks the constitutional authority to define the elements of a criminal offense, specifically, the sentencing enhancements proscribed by the Sentencing Guidelines. That motion was previously denied by this Court in a minute order dated November 23, 2004, and is further supported by the Supreme Court's ruling in *United States v. Booker*, 125 S. Ct. 738, 754-55 (2005).

Finally, Defendant seeks a new trial, pursuant to Federal Rule of Criminal Procedure 33, because: (1) the court erred in not allowing certain cross-examination of Drug Enforcement Agency Special Agent David Brazao and (2) the recorded conversations between Henry Savage and Defendant were not properly admitted into evidence.

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "[T]he question whether to grant a new trial is committed to the discretion of the district judge," *United States v. Williams*, 81 F.3d 1434, 1437 (7th Cir. 1996), and will only be reversed if "there has been an error as a matter of law or a clear and manifest abuse of discretion." *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989). Errors affecting substantial rights of the defendants are prejudicial if they affect the outcome of the trial. *United States v. Thomas*, 321 F.3d 627, 635 (7th Cir. 2003) (*Thomas*). The Government has the burden to demonstrate, "that there was no prejudice as a result of the error." *Thomas*, 321 F.3d at 635; *see also* Fed. R. Crim. P. 52(a). The Government must satisfy this burden beyond a reasonable doubt. *Neder v. United States*, 527 U.S. 5, 7 (1999); *Chapman v. California*, 386 U.S. 18, 24 (1967); *Thomas*, 321 F.3d at 635.

Agent Brazao testified at trial as to his investigation of Defendant. On cross-examination, Defendant attempted to ask Agent Brazao whether he made racial and derogatory statements to Defendant when they first met; but Defendant was not permitted to cross-examine Agent Brazao on this basis.

"As a general rule, the scope of cross-examination regarding the credibility of a witness is within the sound discretion of the trial court." *United States v. Jungles*, 903 F.2d 468, 478 (7th Cir. 1990) (*Jungle*). While there is no duty to introduce the factual predicate for a potentially prejudice cross-examination question, "it is improper conduct . . . to ask a question which implies a factual predicate which the examiner knows he cannot support by evidence or for which he has no reason to believe that there is a foundation of truth." *Jungles*, 903 F.2d at 478 (quoting *United States v. Harris*, 542 F.2d 1283, 1307 (7th Cir. 1987)). Defendant did not have any evidence to support the factual predicate for this question or any reason to believe that there was a foundation to support questions regarding Agent Brazao's alleged racial bias. As such, it was not error to prevent Defendant from asking these questions.

Even if Agent Brazao's testimony in this regard was improperly excluded, as discussed above, sufficient evidence was presented from other Government agents, eyewitness testimony, recorded conversations, and financial records detailing Defendant's involvement with the charged offenses. Accordingly, any error in preventing Defendant from cross-examination regarding Agent Brazao's alleged racial bias was harmless beyond a reasonable doubt.

Defendant also asserts it was an error to admit the recorded conversations of Defendant because the Government failed to lay a proper foundation for their admissions. Specifically, Defendant contends that the Government failed to demonstrate that the recordings accurately

5

reflected the conversations and that evidence regarding the chain of custody was lacking. *See United States v. Brown*, 136 F.3d 1176, 1181 (7th Cir. 1998). These arguments were considered at trial and denied for the reasons stated in the transcript of the proceedings. Significantly, the Government presented unrebutted evidence that the recordings were unalterable. Therefore, Defendant's motion for a new trial on this ground is also denied.

The Defendant, for the first time in his reply brief, asserts that new evidence exists which warrants a new trial. This is not properly before the Court and will not be now considered. The Defendant may file a new motion raising this issue pursuant to rule if he decides to do so.

## CONCLUSION

For the foregoing reasons, Defendant's Post Trial Motions are denied. The matter is continued for twenty-one days for status to June 2, 2005.

Dated: May 11, 2005

JOHN W. DARRAH
United States District Judge