UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 04 CR 534-1 |
| v. ) | |
| ) | Judge John W. Darrah |
| MARTIN VALADEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Martin Valadez filed a Motion for Reduction of Sentence, pursuant to 18 U.S.C. § 3582(c), based on an amendment to the Sentencing Guidelines, which lowered the base offense levels applicable to narcotics offenses. For the reasons stated below, Defendant's Motion [394] is denied.

## STATEMENT

On April 30, 2014, the Sentencing Commission promulgated Amendment 782, revising the Drug Quantity Table and chemical quality tables, which amended the guideline ranges for crimes involving narcotics. On July 18, 2014, the Sentencing Commission voted to make Amendment 782 retroactively applicable to previously sentenced prisoners; and the amendment became effective on November 1, 2014. Thus, under 18 U.S.C. § 3582(c)(2), previously sentenced prisoners may move to modify their sentences on the basis of the amendment. 18 U.S.C. § 3582(c)(2) allows for a defendant to move to reduce a term of imprisonment when that term is based on a sentencing range that has been subsequently lowered by the Sentencing Commission.

After a trial, Defendant was convicted of conspiracy to distribute, distribution of cocaine,

and money laundering. At Defendant's sentencing hearing, his adjusted base offense level was 49 with a criminal history level of IV. The applicable guideline calculation suggested a guideline range of life imprisonment. On December 14, 2005, Defendant was sentenced to life imprisonment.

Defendant's original adjusted offense level was 49. Defendant's probation officer determined that Defendant committed a murder in the course of the conspiracy and applied the cross reference, which resulted in a required, minimum offense level of 43. The probation officer then applied a four-level increase for Defendant's role in the offense and a two-level increase for obstruction of justice, to arrive at a total offense level of 49. While Amendment 782 lowered Defendant's base offense level, his guidelines range remains life after applicable enhancements. Defendant's base offense level was 43 due to application of the murder cross reference, which was greater than the offense level resulting from the drug quantity involved in Defendant's offense. As Defendant's original offense level of 49 was based on the murder cross reference and not the drug quantity table, a two-level reduction on the drug quantity would not result in a reduction of the applicable sentencing range.

Defendant argues that a recalculation of his sentence should start at level 43 rather than 49, as 43 is the highest level on the table. However, this argument has no support in the guidelines. *United States v. Perez*, 40 F. App'x 711 (3d. Cir. 2002) (finding that the sentence should reflect defendant's "true offense level" and where the reduction in his offense level would still result in a term of life imprisonment, a decrease would "accomplish nothing").

As Amendment 782 did not affect Defendant's guideline range and does not authorize a reduction of his sentence. Defendant's Motion for Reduction of Sentence [394] is denied.

Date:      February 18, 2016                    /s/ John W. Darrah
                                                John W. Darrah
                                                U.S. District Court Judge